# Court of Appeals
# of the State of Georgia

ATLANTA, <u>  August 14, 2026      </u>

*The Court of Appeals hereby passes the following order:*

**A27D0018. BOBBIE N. WARD et al v. PRESBYTERIAN VILLAGE et al.**

Bobbie N. Ward brought claims against Presbyterian Village, Stacy Bannworth, and Neil Pearce. On April 23, 2026, the trial court entered an order dismissing her complaint with prejudice. On May 27, 2026, Ward evidently attempted to file an application for discretionary appeal in this Court, but the filing was rejected for failing to include a certificate of service or copy of the trial court order. On July 23, 2026, Ward successfully filed her application that included these required attachments.

To be timely, a discretionary application must be filed within 30 days of entry of the order or judgment to be appealed. OCGA § 5-6-35(d); Court of Appeals Rule 31(a). "The requirements of OCGA § 5-6-35 are jurisdictional and this Court cannot accept an appeal not made in compliance therewith." *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Here, Ward's application was untimely filed 91 days after the trial court's order dismissing her complaint.

Ward separately moves this Court to deem her "Notice of Appeal timely filed as of its original electronic submission date," or alternatively, "to reinstate [her] right to appeal and correct the improper clerical rejection of the notice of appeal." Ward includes an exhibit with her application materials that appears to show she filed a notice of appeal in the trial court, but includes neither the notice of appeal itself or any trial court disposition as to that notice. If her motion means to obtain nunc pro tunc treatment as to her *application* which she attempted to file on May 27, 2026, the motion is moot, because a May 27, 2026 application filing would still be untimely as to the April 23, 2026 trial court order. OCGA § 5-6-35(d); *Carlock v. Kmart Corp.*,

227 Ga. App. 356, 361(3)(a) (489 SE2d 99) (1997) ("A motion is moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy.") (citation and punctuation omitted).

If, instead, Ward's motion means to address the notice of appeal she apparently filed in the trial court, her motion must be made there. See *Andrew L. Parks, Inc. v. SunTrust Bank*, 248 Ga. App. 846, 848 (545 SE2d 31) (2001) ("The purpose of entering an order nunc pro tunc is to record some previously unrecorded action actually taken or judgment actually rendered."); *Barbour v. Sangha*, 346 Ga. App. 13, 15(2) (815 SE2d 228) (2018) ("A trial court has broad discretion to correct clerical errors including a clerk's failure to mark a document as filed on the date that document is actually delivered to the clerk.").

Accordingly, this application is hereby DISMISSED for lack of jurisdiction, and Ward's motion is DENIED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 08/14/2026

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*